PETERSON, Appellant, vs. ,INDUSTRIAL COMMISSION and others, Respondents.

*March 8—April 3, 1934.*

For the appellant there was a brief by *Crawford & Crawford* of Superior, attorneys, and *P. A. Burke* of Duluth, Minnesota, of counsel, and oral argument by *R. A. Crawford.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Northwestern States Portland Cement Company and Standard Accident Insurance Company there was a brief by *Cobb, Hoke, Benson, Krause & Faegre* and *Nathan A. Cobb,* all of Minneapolis, Minnesota, and oral argument by *Mr. Cobb.*

FOWLER, J.   The deceased, a resident of Madison, was employed by the Northwestern States Portland Cement Company as a salesman.  His territory was in southwestern Wisconsin and extended northward to La Crosse.  His employer furnished him an automobile for use in performing his duties.  Some time prior to July 4th he inquired of his superior whether he might use the automobile to take his family on a visit to relatives in Minneapolis, offering to call on customers on the way to La Crosse, and to return by a different route and call on customers on the way back. Permission was granted.  The deceased drove to La Crosse on July 3d.  He called on customers on the way and attended to some business for the company at La Crosse. From La Crosse he went on to Minneapolis.  On completing

his visit he started on July 6th to return, and was killed in an automobile collision near Hudson before reaching his territory.

The only fact in dispute on which recovery depends is whether the deceased was performing service incidental to his employment when he was killed. The commission found that he was not, and the circuit court confirmed this finding.

We are of opinion that the case is plainly ruled by *Barragar v. Industrial Comm.* 205 Wis. 550, 238 N. W. 368. It is there held that where an employee is on a trip in which service to his employer is combined with his own personal affairs: "In case it is the employer's trip and there are any detours for purely personal objectives, such detours must be separated from the main trip and the employee held to be outside the scope of his employment during such detour."

After leaving La Crosse until he reached his territory the deceased was on a "detour for purely personal objectives" and "outside the scope of his employment." "The relation of employer and employee did not exist until he returned to the place where, by the terms of his employment, he was required to perform service." *Ohrmund v. Industrial Comm.* 211 Wis. 153, 156, 246 N. W. 589.

It is contended by the appellant that while the deceased was at Minneapolis he received instructions from his superior to return to La Crosse to attend to matters for the employer there; that he was killed while on his way to La Crosse pursuant to these instructions; and that he was thus in the service of his employer when killed within the rule of *Schmiedeke v. Four Wheel Drive Auto Co.* 192 Wis. 574, 213 N. W. 292. This contention is based upon testimony pro and con relating to a letter from Mr. Cabanis, sales manager of the employer, which the appellant claims the deceased received while at Minneapolis, directing him to return to La Crosse. It is sufficient to say in response to this contention that the commission expressly found that:

■■■■■■■■■■

"In view of the nature of the testimony submitted on this particular point, the commission finds as a fact that the deceased had not received a letter from J. B. Cabanis either on July 5th or 6th, instructing the deceased to proceed from Minneapolis to La Crosse." It also expressly found that "the deceased was not performing service growing out of and incidental to his employment for the respondent herein at the time of his death." By familiar rule, findings of the commission cannot be disturbed if there is evidence to sustain them. The evidence in this case is ample to sustain the findings quoted.

*By the Court.*—The judgment of the circuit court is affirmed.