Automotive Parts & Grinding Company and another, Respondents, vs. Industrial Commission, Defendant: Winkleman, Appellant.

*December 6, 1935—January 7, 1936.*

*Thomas C. Kelly* and *Jerome F. Byrne,* both of Milwaukee, for the appellant.

For the respondents there was a brief by *Olin & Butler,* and oral argument by *Clifford G. Mathys,* all of Madison.

FOWLER, J. This is a workmen's compensation case. The appellant is the widow of an employee of the defendant Automotive Parts & Grinding Company, who was killed in an automobile collision on the morning of May 31, 1934. All jurisdictional facts are admitted. The only question is whether the injuries from which the employee died were received while he was performing service "growing out of and incidental to his employment." The commission found that they were and made an award. The circuit court vacated the award on the ground that there was no evidence to support this finding.

The deceased was employed as a traveling salesman of automobile parts and accessories. He had definite territory which he was expected to cover by automobile during the week. The office of his employer was in Milwaukee, and in a general way he worked from that office. He reported to the office mornings, as a rule, except on Mondays and days succeeding holidays. His route schedule for the day of the week on which he was killed would take him in a general southwesterly direction to Hales Corners and beyond. On completing his day's work on May 29th, the deceased called for his wife at his daughter's residence in Milwaukee, and took her and his five-year-old grandson to Nashotah, where he was living during the summer, to spend the holiday on May 30th. On the early morning of May 31st, he started from his home in Nashotah to go to his work, taking his grandson with him. The accident occurred on the way to Milwaukee before reaching a point where he would turn off to make his scheduled route for the day, and before reaching the points where he would turn off to go to his daughter's home or to the office of his employer. He had merchandise of his employer in the car for sale and immediate delivery on sale, and also had two storage batteries in the car when he left Nashotah for delivery to customers that had previously ordered them. These batteries were not in the car when the

car was taken from the place of the accident. The deceased was in the habit of dealing with garage men between Nashotah and Milwaukee on their hanging out a sign for him to stop. · There was no evidence that the deceased had called or had been signaled to call on any such customer on the morning of May 31st and no direct evidence that he had delivered the batteries. The examiner for the commission found facts as above stated, and from those facts concluded that the deceased was "performing service growing out of and incidental to his employment" when he was killed. The examiner found other evidentiary facts besides those above stated, but only one of these has material bearing, and that is an inference that the batteries above referred to were delivered by the deceased prior to the accident because they were not in the automobile or to be found *"immediately"* after the accident. The word "immediately" is the crucial point on which support of this inference depends. Whether there is any warrant for the use of the word "immediately" is hereinafter considered.

The circuit judge was of opinion that under the facts stated the trip to Nashotah undertaken on the evening of May 29th was taken for the employee's own benefit and purposes and not for those of his employer; and that even if the deceased did incidentally do some business for his employer when returning on the morning of the 31st to make his scheduled trip for the day, still the trip back from Nashotah was only completing the trip taken primarily for his own purposes, and under the rule of *Barragar v. Industrial Comm.* 205 Wis. 550, 554, 238 N. W. 368, remained primarily a personal trip, and the deceased when injured could not be considered as performing service growing out of and incidental to his employment. The court was also of opinion that whether the deceased had performed any service for his employer on the morning of the collision was merely specula-

tive, and a finding that he had done so was based entirely on conjecture and could not stand.

In the *Barragar Case,* wherein recovery for the death of an employee who was killed under similar circumstances was denied, it was stated that to warrant recovery for services performed on a trip primarily personal to the employee, it must appear that the accident must have happened while the employee was on a detour or deviation from the regular route of his personal trip for the purpose of his employer.

In support of the trial court's decision, it is urged that the trip to Nashotah was primarily a personal one, and that it remained so until the deceased reached the point where he would turn off to go to the territory scheduled for his day's work, even though without deviation from the direct route of return he incidentally made some sales or deliveries to customers; and that to bring the delivery of the batteries within the rule of the *Barragar Case,* it would have to appear that the deceased turned off from the direct route of his personal trip to make the deliveries and was injured while on a detour for this purpose.

On the other hand, it is urged that putting the batteries into the car on the evening of May 29th for delivery for the employer on May 31st, and loading the car with merchandise for sale on the employee's regular trip on that day, makes the service to the employer a concurrent cause of the trip; and that the case falls within the rule of the New York case cited as the basis for the rule of the *Barragar Case,* that "to establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. . . . The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own." It is argued that as the two batteries had been previously ordered, they had to be deliv-

ered, and that the deceased would have had to make a trip to deliver them even though he had not gone to Nashotah on the 29th or 30th at all, whether the customer lived on or off the direct route to and from Nashotah. Conceding that the rule of the New York case cited is as above stated, to bring the case within that rule, it would have to appear that the batteries were delivered by the deceased. As above indicated, to be justifiable the inference that they were delivered must rest on the inference that they were not in the car "immediately" after the accident, and if the latter inference is not justifiable the former is not.

We are of opinion that there is no evidence to support the statement of fact made by the examiner that the batteries were not in the car "immediately after" the accident. The only evidence upon this point is that a deputy sheriff of Waukesha county, who testified that he removed the deceased's automobile from the scene of the accident to a garage and that when he did so there was nothing in the shape of merchandise in the car but a large box of radiator hose, a box of ignition points, some distributor points, and a lot of empty cartons or broken cartons of headlight bulbs, and that like minor things lay around in the grass. The witness stated that the things in the car had apparently been thrown out of the car when it overturned and put back in the car by someone. The car had been turned right side up. It does not appear how soon or how long after the accident the deputy sheriff arrived, but it was not "immediately" because the car had been righted and the things in the car had been thrown back in by someone previous to the deputy's arrival. It therefore remains entirely speculative whether the batteries were delivered by the deceased or whether they were stolen. The deceased sold only to garage men and service stations. The widow was unable to find any dealer to whom the delivery had been made between Nashotah and the place of the accident. If the batteries were for delivery

on this day, it does not appear but they were for delivery to someone on the regular route of the day's trip, and the deceased had not reached the point to turn off the road from Nashotah upon that route. There is evidence that the deceased stated that he had not had time to deliver the batteries on the 29th, but if they were for delivery to persons on the route for that day, he had not reached the point where the road to Nashotah crossed that route. We conclude, therefore, as was held by the circuit judge, that the evidence does not warrant the conclusion that the trip was not primarily personal to the deceased and that any other conclusion rests wholly upon conjecture. Such a conclusion of fact by the commission cannot stand.

*By the Court.*—The judgment of the circuit court is affirmed.