CHANDLER N. CRAIG, PLAINTIFF-RESPONDENT, v. PAUL MORGENWECK AND BENJAMIN KRAMER, TRADING AS WHISTLE BOTTLING COMPANY, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.

Argued May 5, 1937—Decided September 21, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the defendants-appellants, *Thompson & Hanstein* (*Wilbur C. Bishop,* of counsel).

For the plaintiff-respondent, *John B. Baratta.*

PER CURIAM.

This is the appeal of the defendants below from a judgment entered upon a verdict for the plaintiff.

The appeal grows out of an accident which occurred on April 5th, 1934, about seven-fifteen P. M., at or near the intersection of Ninth street and Bay avenue on the outskirts of Ocean City, Cape May county.

On the evening in question, the plaintiff drove his automobile along Bay avenue. When he reached the intersection of Ninth street he brought his car to a full stop. It was an open country permitting an unobstructed view for three or four blocks in all directions. He looked about him and there

was no one coming except he noticed the defendant car coming from his left on Ninth street, about four blocks away, which later appeared was driven by the defendant Morgenweck, an employe of the defendant Kramer. Plaintiff then blew his horn, threw his car into second gear and proceeded to negotiate the right turn into Ninth street. When he had about completed his turn, and when at a point just beyond the intersection, the Morgenweck car struck the plaintiff's car in the rear at the left. The impact was such that it whirled the plaintiff's car around in its tracks, spun it to the left and out of its course, hurled the plaintiff therefrom upon the hard asphalt surface of Ninth street and sent the car careening to the other side before it came to rest. The defendant car bounded off to the right, skidded across the road, made a complete about turn, traveled some forty feet and there came to rest, its two front wheels up over the curb. The front end of the defendant car was mashed in, the frame and chassis were bent, the right rear tire blown out, the left front axle and wheel bent and the tire and tube torn off. As a result of the accident the plaintiff suffered severe injuries and damage, and the jury returned a verdict for him.

First, the appellants complain that the trial court erred in charging the jury on the question of "right of way," in that it failed to take into consideration the exception provided for by section 12 (b), article VIII, of the Traffic act of 1928 and 1931, chapter 247, which exception relates *solely* to the rights and duties of drivers of vehicles entering or crossing *"through* streets."

It is conceded that the trial judge correctly charged the general rule as to the right of way at street intersections. But the contention is that Ninth street, upon which defendant Morgenweck was driving, and which the plaintiff entered, was a "through street," and that the law in such case should have been charged. But we believe there was no competent evidence that it was a through street in a legal sense *at the time of the accident.* The only evidence as to its being a "through street" was that it was such on November 24th, 1936, while this accident occurred on April 5th, 1934, and

that evidence came from a witness who was not well qualified to speak on that subject, there being no proof by whose authority it became a through street, if and when it did.

But if we are wrong as to our belief that there was no competent evidence that Ninth street was a "through street," we still think that there was no error prejudicial to the defendants in the failure to charge of which complaint is made.

The uncontradicted testimony shows that the territory surrounding the scene of the accident for three or four blocks in all directions, was open, unobstructed country. The plaintiff's lights were burning. He was in full, open and plain view of Morgenweck, who was a "good five hundred feet away," when plaintiff, after stopping and looking, proceeded into the intersection. It was just beyond the intersection, on Ninth street, that the defendant car struck the plaintiff's car in the rear at the left.

In this posture of the proofs it seems that no rule touching through streets could possibly have any bearing, and certainly the failure to charge respecting it was not prejudicial to the defendants and will not result in reversal.

The next point is that the judge erred in refusing to nonsuit and to direct a verdict for the defendants.

As to that portion of defendants' argument directed to the alleged negligence of the defendant Morgenweck, and the contributory negligence of the plaintiff, the evidence hereinabove stated presents sufficient answer. They were jury questions.

As to the appellants' argument that there was no proof that Morgenweck was the agent of Kramer at the time of the accident and engaged in his business, we think a jury question was presented.

It is admitted that at the time of the accident the car was being driven by the defendant Morgenweck, who was then and for some time prior thereto in the employ of the defendant Kramer as a salesman to solicit orders for the latter, who sold and distributed certain beverages. Morgenweck, by arrangement with the defendant Kramer, furnished his services and his car, and was paid therefor $25 a week, and

was also paid for the upkeep and running expenses of the automobile. His territory was Atlantic City and various sections of Cape May county. He lived at Northfield (fairly convenient to his territory) where to the knowledge of his employer he kept his automobile used in the business. Kramer's office was in Atlantic City, and Morgenweck used the automobile each day to and from his home and this office, to get his instructions daily or as often as needed. His custom was to depart from this office each day and make his rounds and return each day or the following morning with each day's orders obtained in the course of his solicitations, to this office for attention. On the day of the accident he had been down into the Cape May territory soliciting orders in the course of his employment, and was returning to his home in Northfield along Ninth street in Ocean City (a direct route) when the accident occurred.

The foregoing facts bring the instant case squarely within *Auer* v. *Sinclair Refining Co.,* 103 *N. J. L.* 372; 137 *Atl. Rep.* 555, and *Demerest* v. *Guild,* 114 *N. J. L.* 472; 176 *Atl. Rep.* 558. Thus in the Auer case a salesman was employed by the defendant to devote his entire time to the sale of defendant's products in a specified territory, and was authorized to use in that work his own automobile. The defendant paid for the upkeep and running expenses of such automobile, besides his salary, and the defendant retained control and direction of the work by daily communication with him at or from defendant's office, and it was therein held that such salesman was the servant of the defendant and therefore defendant was liable for injuries resulting solely from the negligence of such salesman in the performance of his duties, and that such salesman was acting within the scope of his employment when he hit the plaintiff a few minutes after six P. M., on a public highway within his territory at the end of his day's work, as he was driving from the point of his last call to his home where he kept his car.

It therefore seems clear that in the present case it was open to the jury to find that Morgenweck was the agent of the defendant Kramer, and was engaged in the latter's business at the time of the accident.

But the defendant Kramer says that at the time of the accident Morgenweck was violating instructions to stay in Cape May county for three days, and therefore he is not responsible for Morgenweck's acts.

It is interesting to note that Kramer testified regarding the alleged violation of which complaint is made, "I didn't consider it a violation." But more to the point for present purposes we deem it sufficient to say that an examination of the testimony discloses that the question whether or not such instruction was in fact ever given depends upon the conclusion to be reached upon contradictory testimony involving discrepancies, and the credibility of witnesses, and we believe would not justify a direction of a verdict. The credibility of witnesses upon conflicting testimony is always for the jury.

Lastly it is argued that the trial court abused its discretion in refusing to grant a new trial on the ground of newly discovered evidence. We think not.

A court will not grant a new trial upon the ground of newly discovered evidence unless (among other things) it is shown that such evidence would probably have changed the result of the trial, and that it was unobtainable by the exercise of due diligence for use at the trial. *Christie* v. *Petrullo*, 101 *N. J. L.* 492; 128 *Atl. Rep.* 853. Tested by this rule we believe there was no abuse of discretion in the refusal to grant a new trial.

The judgment will be affirmed, with costs.