Oscar Bacó Pasarell et al., Petitioners, v. Industrial Commission of Puerto Rico et al., Respondents.

No. 26. Argued January 10, 1938.—Decided March 25, 1938.

L. Longchamps for petitioners. Luis Negrón Fernández and G. Atiles Moréu for respondents.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a petition to review an order of the Industrial Commission holding that the petitioners are not entitled to be indemnified for the reason that the accident giving rise to the injuries suffered was not occasioned by any act or occupation inherent in their employment, did not occur in the course of their employment or as a result thereof, or

under such circumstances as to permit a finding that at the time of the accident the employees were doing any act for the benefit of the employer.

The case was reported to the Manager of the State Fund, who decided against petitioners on May 24, 1937.

They appealed to the Industrial Commission, which set a hearing for October 20, 1937. Petitioners appeared in person and by counsel and stated their case as follows:

"That between 11:45 A. M. and 12 noon on March 11, 1937, while they were working, Ignacio Báez Santiago as bookkeeper and Oscar Bacó Pasarell as clerk, for the employer Arturo Lluberas & Sobrinos, having an office at Central San Francisco within the jurisdiction of Guayanilla as well as in the town of Yauco, where Arturo Lluberas, principal member of the firm, has his office; that on that day and hour and while the petitioners were going from Central San Francisco toward Yauco to eat lunch, so as afterwards to get the mail in the office of Arturo Lluberas in Yauco to take it to Central San Francisco, travelling in a motor car belonging to Oscar Bacó Pasarell and on swerving the car to avoid striking a boy and due to an uncontrollable movement of the vehicle toward the right of the highway on which petitioners were traveling, the car collided with an electric light pole. As a result of the car's collision with the pole, each petitioner suffered a fracture of his right arm. That on the date of the accident the petitioner Ignacio Báez Santiago was receiving a salary of $30 a week from his employer, and the petitioner Oscar Bacó Pasarell a salary of $18 a week. That petitioners' employment was not limited merely to the offices of the factory but that they also performed duties in the town of Yauco and in other towns for the benefit of their employer and as a part of the duties of their respective employments, such as the sale of sugars and molasses to different farms and the collection for such sugars and molasses, all for the benefit of their employer, and the deposit of such money in the branch of the Crédito y Ahorro Ponceño, in Yauco, and the withdrawal of money from the office of the Crédito y Ahorro Ponceño in Yauco, for the payment of the factory and field employees. Official visits to the various plantations of Central San Francisco; so that the employment of petitioners was not confined to the offices of Central San Francisco nor to the office of Arturo Lluberas in the town of Yauco, but was continuous

throughout the several hours of the day and until the afternoon when they went to their homes. The place where the accident occurred is on the only road, the only way of communication between Yauco and Central San Francisco, and to Central Rufina further on, where it goes, ending in the town of Guayanilla, and the particular place of the accident was 1½ kilometers before reaching Yauco. That petitioners on the day and hour of the accident were there as a natural and logical consequence of their respective employments with the employer Arturo Lluberas & Sobrino and as a result of such employment . . . . . Petitioners conted that the Manager of the State Fund has erred in these cases in not applying the doctrine already laid down in this jurisdiction by this Commission in the case of Alejandrina Álamo, reported in the first volume of the decisions of this Commission, and others to the same effect.''

The Manager of the State Fund also appeared and set forth his theory of the case to the effect that, since the accident had not occurred in the course of employment, it was not compensable.

Evidence was taken. Manuel Francisco Lluberas and the petitioners themselves, Oscar Bacó and Ignacio Báez, testified. Their testimony supports their theory of the case.

The reasons which the commission had for dismissing the petition appear from its order as follows:

''Our statute contains no definition whatever of what should be understood by the phrase 'in the course of employment and as a consequence thereof . . .' We must therefore have recourse to the decisions to determine whether, under the facts as they have occurred, as appears from the public hearing, we can reach a conclusion as to whether the petitioners here are or are not entitled to the protection of the statute. Under almost all of the workmen's compensation acts, it is necessary, for an injury to be compensable, that it should have been received in the course of employment. There is no formula whatever for determining whether in a specific case the employee's injury occurred in the course of employment, and this must be determined in the light of the facts and circumstances of the case. It is impossible to establish a fixed rule to determine whether an accident occurred while the employee was acting within the scope of his employment, since no rule could govern all cases, and each case must be decided on its own facts. Nevertheless a

definition widely adopted is that an injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it. (71 C. J. 659.) It is the employment which the workman or employee is doing at the moment of his injury which determines whether he is or is not fulfilling the duties of his employment. (*Sugar Valley Coal Co.* v. *Drake,* 117 N. E. 937, 66 Ind. App. 152.) This must necessarily be so, since the employer is not an insurer of the safety of his employees, and his responsibility is limited only to injuries received while the employee is doing some act in the course of his employment. (*Weis Paper Mill Co.* v. *Industrial Commission,* 127 N. E. 732, 293 Ill. 284.)

''The petitioners in this case aver that while it is true that when they suffered the automobile accident which caused each of them to fracture an arm, they were bound for the town of Yauco for the purpose of lunching, that it was customary for them when they came back from lunch to bring back to Central San Francisco the mail from the office which their employer had in Yauco, and it is upon this circumstance that they contend that they are entitled to the protection of the statute. The authorities are abundant upon this particular point. It has been held in an infinite number of cases that to determine the employer's liability for an injury resulting on a trip undertaken for personal as well as business reasons, it is essential to determine whether, at the outset, the trip in question was that of the employer, or that of the employee. If it is the employer's trip, the employee is engaged in his employer's business and acting within the scope of his employment while going to, and returning, from the terminus of the trip. If it is the employee's trip, he is not within the scope of his employment while enroute to, or returning from, the terminus of the trip. The mission for the employer must be the major factor or, at least, a concurrent cause of the journey, and, if it is merely incidental to what the employee was doing for his own benefit, the injury does not arise out of or in the course of the employment. (71 C. J. 675.) We thus have a holding that in the case of an employee who died while going to work in his automobile, the accident was not compensable, although incidentally, at the employer's request, he was carrying with him some of the employer's tools. *Eby* v. *Industrial Accident Commission of California,* 242 P. 901, 75 Cal. App. 280. In one case in which the employee was killed in a collision on the highway while going to get

his wife and was incidentally carrying out an unimportant mission for his employer, it was held that the accident did not arise in the course of employment nor as a consequence thereof. *Mark's Dependents* v. *Gray*, 167 N. E. 181, 251 N. Y. 90. In another case in which a salesman died while bringing his family back from vacation in his automobile, although the trip incidentally included stops to interview persons owing money to his employer, it was held that the accident did not occur in the course of employment or as a consequence thereof. *Barragar* v. *Industrial Commission of Wisconsin*, 238 N. W. 368, 205 Wis. 550, 78 A. L. R. 679.

"But in the instant case, there is no doubt that the primary and principal object or purpose of the trip was to go to the town of Yauco to have lunch and that bringing the correspondence back was something incidental to the trip . . . Under the view that injuries sustained while going to or from meals occur while the employee is engaged in doing something for his own personal convenience, entertainment, or recreation, such injuries should not be compensable. See 75 C. J. 734, 735.

"In our opinion the present case is distinguishable from the case of Beaman, found in the first volume of the Decisions of the Industrial Commission of Puerto Rico, page 99, for the reason that in that case the employee, Beaman, proved that every morning when he left his house for his place of employment, he went first to the town of Bayamón to get the mail for his employer in Bayamón, going then with the mail to his office in the town of Dorado, and that he did this habitually in the morning, once a day. We find no similarity whatever to the case of Alejandrina Alamo, also found in volume one, page 109."

Petitioners presented a motion for reconsideration, which was overruled. They then took the present petition for review by this Court.

As we have been, there is no question as to the facts. The problem for decision is whether the accident shown by the evidence is compensable or not by the State Fund under the statute in force in this island and under the authorities interpreting similar statutes on the continent.

The applicable statute is Act No. 45 of 1935 (Laws, (1), p. 250). In section 2 it is stated that the provisions thereof "shall be applicable to all such workmen and em-

ployees working for the employers to whom the following paragraph refers, as suffer injury, are disabled, or lose their lives *by reason of accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said employment, and as a consequence thereof;* or such as suffer disease or death caused by the occupations specified in the following section." (Italics ours.)

The authorities are abundant, but not uniform. As summarized at 71 C. J. 733 and following, it appears that in accordance with the general rule that injuries sustained by an employee while he is doing something that is not strictly within his obligatory duty may be compensable, it has been held that injuries sustained by an employee while going to or from his meals may be compensable. But it is also true that under the general rule that injuries sustained while going to or from work are not compensable, compensation has been denied where harm sustained by the employee befell him while going to or from meals.

It is evident that the employees in this case, when the accident occurred, had left the office in which they were regularly employed and the place where the office was, and had gone in an automobile belonging to one of them along a public highway toward their homes to take their midway meal. Does the fact that they had the obligation to pick up the mail which their employer might have in his office in town for delivery to his field office, have any bearing on the case?

In *Matter of Marks* v. *Gray*, 251 N. Y. 90, 167 N. E. 181, 182, cited and followed in *Barragar* v. *Industrial Commission*, 78 A. L. R. 679, 682, the court, speaking through Mr. Justice Cardozo, said:

"A servant in New York informs his master that he is going to spend a holiday in Philadelphia, or perhaps at a distant place, at San Francisco or at Paris. The master asks him while he is there to visit a delinquent debtor and demand payment of debt. The trip to Philadelphia, the journey to San Francisco or to Paris, is not a

part of the employment. A different question would arise if performance of the service were to occasion a detour, and in the course of such detour the injuries were suffered . . .

"We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand and been canceled . . . The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own . . . If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk."

Applying that rule to this case, we find that the decision of the Industrial Commission of which review is sought, is strengthened, since it cannot be contended that the duty to pick up the mail was what created the necessity for the trip, and since, although for some reason the employee might not have had to get the mail, the trip would have gone forward in any event. The principal reason for the trip was to eat lunch, getting the mail was incidental.

If the accident had occurred after the employee had finished his lunch and was going to fulfill his mission, the situation would have been different. The accident might then have been considered as covered by the statute, as the same has been construed by the courts. In the case of *Kahn Bros. Co.* v. *Industrial Commission,* 283 P. 1054, 74 Utah 145, the Supreme Court of Utah held than an accident suffered by a bookkeeper who after lunch at his home went directly to the postoffice, following his daily practice of getting the mail for his employer, was an accident arising out of, and in the course of, his employment. But this was not such a case and it is necessary to recognize that the commission was warranted in holding that indemnity from the State Fund was not proper.

The difficulty in deciding cases of this kind is that there is a natural tendency toward allowing compensation. Because

of this the letter of the statute may have sometimes been carried further than is reasonable, to the detriment of the State Fund, which was not calculated on the basis of such risks.

We have examined the cases decided by the Industrial Commission of Puerto Rico which are cited, that is, that of Daniel A. Beaman and that of Alejandrina Alamo, reported in the first volume of its decisions, at pages 99 and 109, respectively, and although we find that they have some points of similarity with this case, we do not believe that they can be deemed to have decided the fundamental question here raised in favor of the petitioners. Furthermore, those decisions have not passed under the review of this Court.

The petition for review must therefore be denied.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.