Fultz and another, Appellants, vs. Lange, Defendant: Patek Brothers, Inc., Respondent.

*April 16—July 7, 1941.*

For the appellants there were briefs by *Elmer Grimmer* of Marinette and *Strehlow & Cranston* of Green Bay, and oral argument by *Max H. Strehlow.*

*D. J. Regan* of Milwaukee, for the respondent.

The following opinion was filed May 20, 1941: .

Rosenberry, C. J.   The facts respecting the employment of the defendant Lange by Patek Brothers, Inc., are not in dispute.   Lange was employed by Patek Brothers, Inc., as a traveling salesman.   His route covered a part of northeastern Wisconsin and a part of the Upper Peninsula of Michigan.

He was employed on a full-time basis on a straight salary, covered his territory in his own car, was paid the expenses of travel, including his meals and lodging while away from home. His salary was paid semimonthly and his expenses weekly. Lange lived in Escanaba, Michigan. Each week he wrote out and mailed to his employer's office a route sheet for the following week. This route sheet named the cities or towns and the days on which he expected to canvass them and also indicated where he would be each evening during the week. He was expected to adhere to his route although he was not prohibited from seeking orders in between the places designated on his route sheet. Then as he covered his territory he would make daily reports. He sent in his route sheet for the week ending June 18th. It was received in Milwaukee on June 10th. Monday morning, June 13, 1938, Lange started his week's trip. By Wednesday night he had gained somewhat on his trip as appeared from the reports made to the home office. On Thursday he again exceeded his schedule so that on Friday there remained only Antigo and three very small towns, Kempster, Elcho, and Pelican. According to his schedule he would have been in Antigo on Friday night and at his home in Escanaba on Saturday. Having called upon his customers with the exception of those in three very small towns of Kempster, Elcho, and Pelican, he left Antigo Friday evening to return home.

The accident occurred on Highway No. 8 about one hundred miles from Antigo and on the normal and direct route from Antigo to Escanaba at about 10 o'clock Friday night. Because he finished his route and started for his home prior to the time indicated on the route sheet, the trial court was of the view that he was not within the scope of his employment at the time of the accident. The court was of the view that Lange left his territory in violation of his employer's instructions and was at the time of the accident furthering his own interests, namely, that he was traveling ahead of schedule so that he could spend an extra day at home.

It is considered that this conclusion is contrary to the law laid down in *Barragar v. Industrial Comm.* (1931) 205 Wis. 550, 238 N. W. 368, and *Schmiedeke v. Four Wheel Drive Auto Co.* (1927) 192 Wis. 574, 213 N. W. 292.

In this case the employer paid its employee's expenses from the time he left home until he returned. The case is no different than it would have been had the employee started out from the home office each Monday morning and returned to it each Saturday afternoon. This trip was taken for no other purpose than to promote the employer's business. There was no departure therefrom as in the *Schmiedeke* and *Barragar Cases*. The employer knew from the daily reports that Lange was ahead of schedule and made no objection thereto. The route sheet at most was a provisional arrangement with respect to time. It was deviated·from in this case without objection on the part of the employer.

Restatement, 1 Agency, p. 520, § 233 : *"Time of service.* Conduct of a servant is within the scope of employment only during a period which is not unreasonably disconnected from the authorized period."

It is clear under the facts of this case that the conduct of Lange was directly connected with his service and during the authorized period. As was pointed out in the Restatement, 1 Agency, § 233, comment *b*, although the servant acts at a forbidden time, he is still within the scope of his employment as where a clerk directed to lock up a store at 6 o'clock and to refuse customers thereafter would be acting within the scope of employment while waiting upon a stream of people entering just before and just after the closing hour.

In this case Lange had not deviated from his route, he was on the direct route to his home in Escanaba and was clearly within the scope of his employment both as to time and place. See *State ex rel. McCarthy Bros. Co. v. District Court* (·1918), 141 Minn. 61, 169 N. W. 274. See generally annotation, Death or injury while traveling as arising out of and in the

course of employment, cases cited in 100 A. L. R. p. 1053, and previous annotations there referred to.

*By the Court.*—In each case the judgment appealed from is reversed, and cause remanded with directions to the trial court to enter judgment against Patek Brothers, Inc.

A motion for a rehearing was denied, with $25 costs, on July 7, 1941.