Robert B. BEJMA, Mary Bejma, James R. Morris, Betty Morris, and William E. Allender, as Guardian for Brenda Bejma, a minor, Plaintiffs-Appellees,

v.

DENTAL DEVELOPMENT AND MANUFACTURING COMPANY, Defendant-Appellant.

No. 16175.

United States Court of Appeals
Sixth Circuit.

Feb. 11, 1966.

---

228

Charles H. Reynolds, Bowling Green, Ky., for appellant, Bell, Orr & Reynolds, Bowling Green, Ky., on brief.

Hugh C. Gracey, Nashville, Tenn., for appellees, Gracey, Buck, Maddin & Cowan, Nashville, Tenn., on brief.

Before MILLER*, O'SULLIVAN and PHILLIPS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This is an appeal by defendant-appellant, Dental Development and Manufac-

turing Company, from a plaintiffs' judgment entered upon a jury verdict. Plaintiffs, Robert J. Bejma, and others, were injured when an automobile in which they were riding was struck by an automobile driven by one Walter H. Wasson. Appellant contends that there was not sufficient evidence from which the jury could find that Wasson was engaged in the course of his employment with appellant, Dental Development, when the collision occurred. Appellant's motion for a directed verdict on that ground was denied. We affirm.

Wasson was employed as a salesman for Dental Development. He used his own automobile for travel, but was reimbursed for his mileage. Wasson's home was in Nashville, Tennessee, but his employment covered a wide territory "running from Washington south to Florida and west to the eastern part of Texas." Within that territory and in the absence of some special directions "he pretty well decided where he was going and when." Company practice was that he remain over the week end in the city of his last call unless he was within approximately two hundred miles of his home. Traveling home within this approximate radius was considered company business and would call for mileage reimbursement.

After completing his last call in Lexington, Kentucky, at 5:30 P.M. on Friday, September 1, 1961, Wasson determined to return to his home in Nashville (226 miles) for the Labor Day week end. Since he had a personal errand to perform in Louisville, Kentucky, Wasson chose a less direct route (about thirty miles longer) which would take him through Louisville on his way home.

The accident occurred shortly after midnight near Glasgow, Kentucky, which is roughly halfway to Nashville from either Louisville or Lexington. At the time of the accident, Wasson was in fact heading north away from Nashville and towards Louisville and Lexington. He testified that at the time he both thought

* This case was argued to a panel consisting of Judges Miller, O'Sullivan and Phillips.

Judge Miller died before a decision was reached or an opinion prepared.

and intended to be headed toward his home in Nashville. This loss of direction was explainable by evidence that Wasson had been drinking prior to the accident. A company official testified that mileage expense was reimbursed only when it was incurred by Wasson in the course of his employment. Wasson was reimbursed for the mileage from Lexington to the point of the accident.

A Dental Development executive testified that the company told its employees not to travel at night because night driving is dangerous and would make the employee unfit for work the following day. The latter reason would be inappropriate here as Wasson was driving home to spend the Labor Day holiday week end. Wasson's normal work day continued to about 5:00 P.M., and the testified fact that salesmen often started for home about 2:00 P.M. on Fridays would indicate that the drive home was considered as part of the work day. We do not consider that the fact that, contrary to a company rule, Wasson chose in this instance to drive at night should, as a matter of law, preclude a finding that he was nevertheless in the scope of his employment. Violation of such a rule has been held not to destroy the employer's liability if the driving was in fact within the scope of employment. Sam Horne Motor and Implement Company v. Gregg, 279 S.W.2d 755, 759 (Ky. 1955).

There was the further evidence here that Wasson does make calls for Dental Development in his home city of Nashville and that this trip was the same as if "I was coming from Louisville to Nashville to do a day or two business here." A company witness testified that a trip by Wasson from Lexington to Nashville "not only to reach his home, but to see other clients or prospects" would be considered company business. Nashville was a part of his territory.

Certainly but for the company's own testimony that Wasson's trips home were within the scope of his employment and the fact that he was reimbursed for this very trip, his past midnight, intoxicated

vagaries could not visit liability on appellant. Going to and from work is not generally considered as within the scope of employment, 52 A.L.R.2d 287, § 8, § 9, but it is held that where an employee is paid mileage for the use of his car and where he has no formal hours at a specific place of business, the rule is otherwise. O'Brien v. Traders & General Insurance Co., 136 So.2d 852, 864 (La.App. 1961); Fultz v. Lange, 238 Wis. 342, 298 N.W. 60 (1941); Craig v. Morgenweck, 194 A. 188, 15 N.J.Misc. 637 (1937); Brown v. Montgomery Ward Co., 104 Cal. App. 679, 286 P. 474 (1930); or, as held by some authorities, it at least becomes a jury question as to whether the employer has implicitly authorized the use of the car for this purpose. Breland v. Traylor Eng. & Mfg. Co., 52 Cal.App.2d 415, 126 P.2d 455 (1942); Carmin v. Port of Seattle, 10 Wash.2d 139, 116 P.2d 338 (1941). There is no Kentucky decision to the contrary.

Neither Wasson's trip to Louisville on a personal mission nor his intoxication changes our view. The jury could find that he was still pursuing his trip home even though he had taken on some drinks on the way. Such conduct would not necessarily take him out of the scope of his employment. Central Truckaway System, Inc., v. Moore, 304 Ky. 533, 537, 201 S.W.2d 725 (1947); Isherwood v. Douglas, 34 N.J.Super. 533, 112 A.2d 756; Ely v. Rice Bros., 26 Tenn.App. 19, 167 S.W.2d 355. The jury could understandably conclude that his becoming lost was unintentional even though the consequence of his drinking. The jury could indeed find that whether or not the trip to Louisville on the way home interrupted his employment, he had returned to the business of getting home and had thus reentered the scope of his employment. Such a finding would not be erroneous. Central Truckaway System, Inc. v. Moore, supra; Fleichmann Co. v. Howe, 213 Ky. 110, 280 S.W. 496 (1926); Collin County Motor Co. v. Howard, 121 S.W.2d 460, (Tex.Civ.App.1938); Buckley v. Harkens, 114 Wash. 468, 195 P. 250 (1921).

The statement of questions involved contained a claim of excessive verdict. Such contention, however, was withdrawn on oral argument.

The judgment is affirmed.