Horace K. GUTHRIE, Administrator of the Estate of Jennie K. Guthrie, Deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 16138.

United States Court of Appeals Seventh Circuit.

Feb. 9, 1968.

Mark M. Camp, Wauwatosa, Wis., for appellant.

Morton Hollander, Jack H. Weiner, Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., Edwin L. Weisl, Jr., Asst. Atty. Gen., for appellee.

Before DUFFY, Senior Circuit Judge, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Guthrie, administrator, sued the government under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for the wrongful death of his wife. The district court, without a jury, decided that the soldier whose negligence caused Mrs. Guthrie's death was not acting within the scope of his employment at the time so as to render the government liable as his superior. 260 F.Supp. 289.

The suit was dismissed and Guthrie has appealed. We affirm.

In the late afternoon of May 29, 1961, an army vehicle driven by United States Army Sergeant Liebl collided with an automobile driven by Mrs. Guthrie. Both drivers were killed as a result of the collision. This suit followed.

The question is whether, on the facts before it, the district court correctly decided that at the time of collision Liebl was not acting within the scope of his employment.

28 U.S.C. § 1346(b) confers jurisdiction on district courts in suits for money damages caused by the negligence of a government employee while "acting within the scope of his * * * employment" under circumstances where the United States, if a private person, "would be liable * * * in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2671 states that acting within the scope of employment means "acting in line of duty" for military personnel. The state law of Wisconsin is decisive on this issue. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761.

The government concedes that Liebl negligently caused the collision, and it is stipulated that Liebl was driving an army vehicle at the time. The stipulation also shows that Liebl was assigned to the Cudahy, Wisconsin, army recruiting station which is located ten or fifteen miles south of Milwaukee; that on the day of the collision he had been to a luncheon meeting held by the army in Milwaukee for army recruiters, that the army supplied beer for the luncheon and that whiskey was consumed at the luncheon; that Liebl had imbibed too well and that after lunch he drove to Waukesha about fifteen miles west of Milwaukee for his own purpose, after which, on the route to his home in Eagle, several

miles southwest of Waukesha, he drove, at seventy miles an hour, into the Guthrie car.

In Cochran v. Allyn (1962) 113 N.W. 2d 538, p. 540, the Wisconsin Supreme Court said:

'Since Enea v. Pfister (1923) 180 Wis. 329, 192 N.W. 1018, down to Strupp v. Farmers Mutual Auto. Ins. Co., (1961) 14 Wis.2d 158, 109 N.W.2d 660,[1] we have had an unbroken line of cases holding that the driving of an automobile by one person which is owned by another raises a presumption of agency."

Guthrie, in the case before us, did not rest his case on the presumption of agency arising from the stipulation that Liebl was driving an army vehicle. Had he done so the government would have had the burden of going forward with inconsistent evidence to rebut the presumption. Strupp v. Farmers Mutual Auto. Ins. Co., 14 Wis.2d 158, 109 N.W. 2d 660, 665. Guthrie, instead of relying on the presumption, entered into the above stipulation and also called Liebl's superior officer and Liebl's aunt, to augment the stipulated evidence, in an attempt to establish that Liebl, although in Waukesha and not in his assigned territory at Cudahy, Wisconsin, was nevertheless acting in the line of duty when the accident took place. Guthrie's theory seems to have been that one of Liebl's purposes in customarily driving the government car to and from work was to "garage" the car at his home as a service to the government, or alternatively that Liebl had authority to recruit in the area of Eagle, and may have been driving there to promote his recruiting activity.

There was no evidence that Liebl had any prospective recruiting appointments in Waukesha nor that he had ever re-

1. The opinion in *Strupp* was written by then Justice Thomas E. Fairchild, now a judge of this court. Justice Edward T. Fairchild, father of Judge Thomas E. Fairchild, wrote the opinions for the Wisconsin Supreme Court in Bohnsack v. Hudson-Ziegler, 212 Wis. 65, 248 N.W. 764, and Philip v. Schlager, 214 Wis. 370, 253 N.W. 394, repeating the holding in *Enea*. Father and son agreed on the law.

cruited anyone in the Eagle area. There was no express authority shown for using the army vehicle for Liebl's transportation or for "garaging" it at Eagle. The officer testified that the use of the vehicle for transportation to and from home was in violation of army regulations and that the vehicle carried a "plaque" to that effect. There was evidence that putting the vehicle to personal use was prohibited.

■ Even giving Guthrie the benefit of whatever favorable inferences could be drawn from the evidence, the best that can be said is that Liebl was serving both his own and the government's interests in driving from Milwaukee, through Waukesha, en route to Eagle. The question, when joint interests are served, is whether the government's interest was a substantial factor in the trip. The Supreme Court of Wisconsin hinted at this in its discussion in Barragar v. Industrial Commission of Wis., 205 Wis. 550, 238 N.W. 368, 369, 370, 78 A.L.R. 679. The rule was articulated in O'Brien v. United States, 236 F.Supp. 792, on authority of Restatement of Agency, Sec. 236, Comment b, 1958.

■ We think the district court was justified on the record before it in finding that the government's interests were not a substantial factor in Liebl's trip and in concluding that he was not in the scope of his employment at the time of the accident.

Each case must rest on its own facts. Plaintiff's reliance upon Smith v. Yellow Cab, 173 Wis. 33, 180 N.W. 125, is misplaced, since in that case the cab company's interest in the driver's unauthorized trip was substantial. Fultz, et al. v. Lange, 238 Wis. 342, 298 N.W. 60, is distinguishable on the same ground. The Supreme Court of Wisconsin said there that it was "clear under the facts of this case" that the servant's trip was "directly connected" with his employer's business. Thus in both cases the employer's business was a substantial factor.

Affirmed.