PHILIP and others, by guardian *ad litem,* Respondents, vs. SCHLAGER and another, Appellants.

*February 6—March 6, 1934.*

For the appellant Schlager there was a brief by *Ruetz & Ruetz* of Kenosha, and oral argument by *Edward J. Ruetz* and *Lawrence S. Ruetz.*

For the appellant Haubrich there was a brief by *Chris A. Juliani,* attorney, and *Robert V. Baker, Jr.,* and *M. Eugene Baker* of counsel, all of Kenosha.

*L. E. Vaudreuil* of Kenosha, for the respondents.

FAIRCHILD, J.   Upon the appeal of Haubrich the judgment below must be affirmed.   The evidence clearly shows negligence on his part.   His contention that the negligence of the deceased was greater than that found by the jury is without merit.   Philip was standing by the side of his car. Haubrich in passing struck a man who was in the rear of the car, hit the car itself, and Philip.   He drove on for some distance without stopping.   When he did stop he observed that his front light was bent, that a man's cap was on his running board, and said to his companion that he would not go back because it would only mean trouble.   This companion, after retailing events preceding the accident, in which she told how Haubrich and she had met at a soft-drink parlor in Racine where Haubrich and a man called Pete

stayed in that restaurant about fifteen or twenty minutes, after which they all left in a car which she described as a two-door car, but not the same car which she was in when the accident happened, testified:

"When we left the place at Racine where I met these gentlemen, I had to go to the doctor. . . . After I visited the doctor we went to Kenosha. We stopped and had sandwiches on highway 15, in Kenosha, at the Cozy Corner. . . . After leaving there we drove to a house on the outskirts of town and got the other car. . . . After I got into that car, there was just I and Otto Haubrich in it. We drove down . . . I think it's Sixth avenue. A dine-and-dance place. Haubrich had two short beers to drink in that place. From there we stopped at another place nearer town on Sixth avenue. It was a soft-drink parlor. . . . Then we drove up Sheridan road and up Sixty-third street. I remember of an accident as we were going along in a westerly direction on Sixty-third street. I thought we just hit a fender of a car. I did not hear anything before we hit the car. It was sort of a crash, and then, I think, as we drove by we scraped fenders and I heard glass falling. . . . Just before the corner we stopped and looked back. Mr. Haubrich did not go back. . . . We stopped at a soft-drink parlor not very far from the scene of the accident. . . . We noticed the headlight was bent and there was a dent in the fender. . . . After that we drove to a garage. . . . I am not sure how far out it was. It was quite a little ways, I think on Roosevelt road. . . . I think it is on highway 41. We were there until police officers came. At that time it was just getting light."

This description of the way in which Philip was injured is practically uncontradicted and there was therefore sufficient evidence on which to base the finding of the jury that Philip's negligence contributing to his injury did not exceed twenty per cent.

Other assignments of error by this appellant relate to remarks of the court and rulings upon the admission and re-

jection of evidence. The contention is made that as the result of the cumulative effect of these the appellant Haubrich has not had a fair trial. We have given these alleged errors careful consideration and are of the opinion that no prejudicial error was committed in any particular. Haubrich did not appear at the trial. This was mentioned by the court, but it was apparent. When counsel for respondents made known their desire to examine Haubrich, the statement was made that he would appear before the trial concluded. His failure to appear would naturally be the cause of some discussion, and the court asked the question, "Is there any good reason why Mr. Haubrich isn't here?" Mr. Haubrich's counsel then said: "The only reason counsel knows—he telegraphed yesterday and he hasn't gotten here. That is as far as I can say about it." Upon the introduction of testimony showing statements or admissions made by Haubrich, the court guarded the rights of appellant. It appeared upon the trial that Philip had been drinking and the circumstances showing his conduct at the time of the collision are so fully disclosed that the sustaining of an objection to a question tending to show further his intoxication and the extent of it was not prejudicial. From the physical facts as well as from the testimony of Haubrich's companion it is apparent that Haubrich saw neither the automobile that he struck nor the men standing near it, that he knew he had had a collision, but in disregard of any consequences he drove away. As to him there is no occasion for a new trial.

The chief contentions of appellant Schlager relate to the determination that he owned the machine involved in the collision and that it was driven by his agent who was then engaged in connection with Schlager's business. Proof of ownership of the automobile was attempted by circumstantial evidence. Schlager was in business, first at 1309 Sixty-third street in Kenosha, and then about the 5th or 6th of October

he started to operate a place on highway 41. The particular car driven by Haubrich carried license numbers which were in the name of John Jones. The licenses were mailed to the address of appellant Schlager. Later the plates seem to have been transferred to some other car or lost, for it became necessary to obtain duplicate plates. These duplicates likewise were received at Schlager's address. There was evidence to show that Jones was a myth. In respect to this Schlager said that a stranger came and asked leave to have the license plates mailed to him at that address, that he was so unfamiliar with this person that he would not be able to recognize him if he were to see him. It was shown that the car was at Schlager's place on Sixty-third street, that it was at his new place on highway 41. The tonneau was so arranged as to make it especially adapted to carrying packages. The appellant Schlager was in the soft-drink business. On the night of the accident the defendant Haubrich, who had had some acquaintance with Schlager for a number of years, was in charge of the car and was, for a time at least, engaged in going from one soft-drink parlor and restaurant to another, and after visiting the last place he drove to Schlager's place of business on highway 41, where he remained during the night.

The appellant Schlager says he never employed Haubrich. Assuming, but not deciding, that ownership of the machine was in Schlager, there still remains the question of whether Haubrich was the agent of Schlager and engaged in his employment. The confusion which resulted from the unexpected absence of Haubrich leaves the case in a number of particulars in an unnecessary degree of uncertainty, because of which a new trial of the issues relating to the liability of Schlager becomes necessary.

It is true that where the ownership of the car is established certain presumptions arise from that ownership. *Enea v.*

*Pfister,* 180 Wis. 329, 192 N. W. 1018. When that fact is unchallenged a *prima facie* case of relation of principal and agent exists on the theory that ownership justifies a presumption that he who was driving the car was an agent or servant of the owner and that he was driving it in pursuit of the owner's business and within the scope of his employment. Under the doctrine of the *Enea Case,* the presumption that the person driving the car is the agent of the owner and acting within the scope of the agency is based upon policy and not upon a fact inference. It is a legal rule governing the order and burden of proceeding with the evidence requiring the tribunal to come to a certain conclusion in the absence of proof rebutting the presumption. This being true, the presumption exhausts its purpose and disappears when it is met by opposing evidence which the jury have a right to believe. Then the duty rests upon the one relying upon the presumption to go forward with his evidence and meet the requirements of the burden of proof. The appellant here denied that Haubrich was employed by him. Applied to the facts of the present case, this presumption could not survive Schlager's explicit denial of agency. Upon this denial, this issue of agency was unaided and unembarrassed by any presumption.

As no evidence was submitted to sustain the finding that Haubrich was the agent of Schlager, the failure of Haubrich to testify upon these important issues resulted in the case not being fully tried. While respondents, realizing the necessity of having him as a witness, might, and ought, to have provided for his attendance, still the circumstances are such, because of the assurances given respondents' attorney that Haubrich would be in attendance, that we are of the opinion that respondents are excused from the usual effect of a failure in this regard. Had the jury had the benefit of the testimony of Haubrich and the revelations that might have flowed

from it, the issues could have been properly considered upon evidence enabling an answer to the disputed questions. In view of the fact that it thus strongly appears that evidence is available which will assist the triers of fact in solving the material matters in controversy, a new trial may be had.

On the question of damages, both appellants have urged that the evidence does not sustain the amount allowed. The deceased at the time of his injury was forty-one years of age. He was a widower with four minor children, the oldest being eighteen years of age and the youngest thirteen. He was in good health. The work in which he was engaged netted him enough to maintain his family, and while the evidence is not clear as to the amount he earned, there was testimony that it was in the neighborhood of $100 per month. He was the sole support of the plaintiffs. The trial court confirmed the verdict, and we think that under the circumstances of this case the jury were within the broad discretion which is granted them in assessing damages. *Boucher v. Wisconsin Central R. Co.* 141 Wis. 160, 123 N. W. 913; *Serdan v. Falk Co.* 153 Wis. 169, 140 N. W. 1035.

*By the Court.*—Judgment affirmed as to Otto Haubrich; reversed as to Walter Schlager, and remanded for a new trial on the question of ownership of the automobile and of agency of Otto Haubrich.