KOWALSKY and another, Appellants, vs. WHIPKEY and others, Defendants: HANSEN and another, Respondents.

*February 12—March 10, 1942.*

60

For the appellants there was a brief by *Schwartz & Schwartz* and *J. M. Weisman,* all of Racine, and oral argument by *Mr. Weisman.*

*John F. Baker* of Milwaukee, for the respondents.

FOWLER, J.   The plaintiffs are wife and husband and sue to recover their respective damages for injuries sustained by Mrs. Kowalsky in a collision of an automobile negligently driven on the public street by one Whipkey with an automobile driven by Mrs. Kowalsky.   Causal negligence of Whipkey and injury to the plaintiffs are conceded.   The defendant Hansen is the owner of the car driven by Whipkey and recovery is sought against him and his insurer under the doctrine of *respondeat superior*.   Whipkey was not served with process, and it is not known where he is.   At the close of the evidence the court directed a verdict for the defendants on the ground that Whipkey was not engaged in Hansen's business and was driving the car without his consent.

Whipkey was a roustabout employed by Hansen at times to do odd jobs.   At the time of the injury he was employed helping Hansen with some work in the basement of Hansen's residence.   Hansen, not needing Whipkey further in the basement, told him to wash his car which was in the garage on the premises and handed him the key to the car so he could back it out of the garage and wash it at the garage entrance where it was customarily washed and where Whipkey had several times previously washed it and had theretofore completed the drying of it.   Hansen continued with his work in the basement.   Whipkey had never before driven the car and had been told by Hansen not to drive it.   All these facts were testified to by Hansen and are undisputed.   We perceive no reason whatever to discredit Hansen's testimony and these facts must be taken as established.   On these facts Whipkey was employed only to wash the car, and in driving the car on the public street was acting beyond the scope of his employment, and the doctrine of *respondeat superior* does not apply.

The appellants claim that the case is brought within the doctrine of *respondeat superior* by the testimony of Mr. Peter-

sen, a witness who saw the accident and followed the car that struck Mrs. Kowalsky's car to the Hansen garage. When the witness reached the garage the car was inside and the door was closed and Whipkey was drying the car with a chamois skin. Whipkey did not stop after the collision and on inquiry by Petersen denied having been in any accident. But on being shown pieces of a car bumper that the witness had picked up at the place of the collision and taken with him that were obviously parts of the broken bumper on Hansen's car, Whipkey admitted having been in a collision. The witness was permitted over objection to testify that Whipkey said he drove the car out on the street to shake lodged water out of places of its lodgment and prevent the streaking of the car by its running out and down after the car was dried by a chamois. The respondents objected to the testimony as hearsay. The trial judge stated that he "reserved" ruling on the objection and permitted the statement of Whipkey to be related to the jury. In deciding the motion for a directed verdict the court did not rule on the admissibility of Whipkey's statement, but held that on the undisputed evidence Whipkey drove the car on the street without the owner's consent, and that Whipkey in so driving the car was not driving it "within the business or purposes of . . . Hansen or within the scope of the employment of Whipkey."

The appellants contend that the testimony of Petersen as to what Whipkey said as to his purpose in driving the car on the street was admissible as part of the *res gestæ* and upon that testimony it was a jury question whether Whipkey was engaged in washing the car because drying the car was necessary to complete the washing of it, and Whipkey's driving of the car was for the purpose of drying it.

The claim that it was part of the *res gestæ* is based on Petersen's testimony that the statement was made not more than four minutes after the collision occurred.

If it be conceded that the statement was made soon enough after the collision to have rendered some kinds of statement admissible as part of the *res gestæ* the statement here involved is not of such nature as to make it so. The circumstances under which a statement is admissible as *res gestæ* are fully discussed in *Kressin v. Chicago & N. W. R. Co.* 194 Wis. 480, 215 N. W. 908. The instant statement meets none of the requirements. It is not an exclamation; it was not "spontaneous," "instinctive," or "impulsive;" it does not "illustrate" the collision; it was in no way descriptive of it or of Whipkey's conduct in connection with it. The time element is here immaterial because the statement shows Whipkey had not only had time to reflect and evolve a plan to evade responsibility but had already evolved such a plan. The statement is only a narrative of Whipkey's purpose in driving the car, is clearly "hearsay" and not admissible to prove his purpose or any fact in issue.

It is also urged that the statements of Whipkey were admissible because when the testimony of them was given, Hansen's ownership of the car had already been proved, this was *prima facie* proof of agency, and when such proof is established declarations of the alleged agent are admissible in corroboration of other evidence tending to show agency. Texts are cited as supporting such rule. We are not called upon to decide whether such rule exists, because the presumption of agency arising from ownership is of no effect in the face of credible undisputed evidence of nonagency. *Zurn v. Whatley,* 213 Wis. 365, 251 N. W. 435; *Hanson v. Engebretson,* 237 Wis. 126, 132, 294 N. W. 817.

It is urged that the appellants offered evidence that statements were made by Whipkey in presence of Hansen to Mrs. Kowalsky, to police officers, and to a representative of the Insurance Company, but there is nothing to show what the statements were. It is claimed that under the rule of

*Borger v. McKeith,* 198 Wis. 315, 318, 224 N. W. 102, these statements should have been received. In that case statements of an alleged agent as to his agency made in the presence of the principal when the principal "remained silent and interposed no denial to the truth" of the declaration were held receivable. But here there is nothing to show that Whipkey made any statement as to his agency, or that tended to show his agency, or that Hansen remained silent when the circumstances called for denial. In this situation we cannot hold that any permissible statement or declaration of Whipkey was rejected.

The appellants contend that Hansen's handing of the key to Whipkey under the circumstances stated operated as consent to his driving the car, brought Whipkey under the extended coverage clause of the policy provided by sec. 204.30 (3), Stats., and rendered the defendant Insurance Company liable to the plaintiffs under that clause.

*Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 240 N. W. 881, and *Stovall v. New York Indemnity Co.* 157 Tenn. 301, 8 S. W. (2d) 473, 72 A. L. R. 1368, cited therein, are relied on as supporting the contention that handing the key of the car to Whipkey gave him permission to drive the car even though he drove it contrary to instructions. These cases are not in point because permission was expressly granted to drive the car on the public streets. The owners necessarily contemplated that the employees would so drive it. Here the owner did not so contemplate. The delivery of the key was merely to enable Whipkey to back the car out of the garage. No driving on the highway was contemplated by Hansen and none can be implied.

The appellants also urge that whether Hansen gave Whipkey permission to drive the car was for the jury under the rule that where the evidence is conflicting or reasonably susceptible to opposing inferences the case must be submitted to the jury. The evidence here is not conflicting or at all in dispute.

And as to "opposing inferences" the inference must be of fact. The question of fact here is, Did Hansen intend that Whipkey should drive the car on the street? There is no testimony that he did so intend. The testimony is positive that he did not so intend and that driving the car had been forbidden. And there are no circumstances to warrant an inference that Hansen contemplated or intended or consented that Whipkey should do any driving of the car other than back it out of the garage and run it back in when he had finished washing it.

*By the Court.*—The judgment of the circuit court is affirmed.