SADLER and others, Respondents, v. WESTERN MOULDING COMPANY, INC., Appellant.

*January 7—February 3, 1959.*

For the appellant there was a brief by *Ray T. McCann,* and oral argument by *Richard A. McDermott,* both of Milwaukee.

For the respondents there was a brief and oral argument by *Thomas P. Maroney* of Milwaukee.

HALLOWS, J.   The sole question on this appeal is whether facts are sufficiently shown in the record from which a jury could properly infer that Connell was acting within the course

of his employment by Western at the time of the accident. In the absence of such facts Western is entitled to dismissal from the action.

In an affidavit filed in support of the motion for summary judgment Connell denied that at the time of the collision he was operating the automobile for or on behalf of Western. The following facts are undisputed: That Western was a wholesale dealer in precision doors; that Connell was sales manager and purchasing agent for Western; that in addition to supervising their salesmen Connell also "covered" a small area himself, presumably as a salesman; that the accident happened on a Saturday afternoon; that Connell was then en route, with his wife and two children, from his home to a hardware store in near-by Wauwatosa for the purpose of exchanging some paint for paint of a different color which he proposed to use for painting a room in his house; that Western's place of business was closed on Saturdays; that Connell did not usually work on Saturday and did not work in the usual sense on that particular Saturday; that the car Connell was driving was owned by Western; that Connell was customarily allowed to keep the car and use it evenings and over week ends and was expected to pay for gasoline and oil used by him in his personal use of the car; that Western paid the bill for repairing the car after the collision; that Western sells its product to two stores in Wauwatosa; that Western does not deal in paint, and that Western's insurance carrier investigated the accident and wrote letters about it to plaintiffs' attorneys captioned "Sadler v. Western Moulding Co."

The foregoing facts afford no basis on which a jury could properly reject Connell's testimony that he was engaged solely in a personal errand at the time of the accident, and draw the contrary inference that he was acting within the scope of his employment by Western.

In its present context, the mere fact that Connell was driving his employer's car with the latter's permission would not support a finding that he was acting within the scope of his employment. *Adams v. Quality Service Laundry & Dry Cleaners* (1948), 253 Wis. 334, 336, 34 N. W. (2d) 148; *Bloom v. Krueger* (1923), 182 Wis. 29, 32, 195 N. W. 851; Restatement, 1 Agency (2d), pp. 526, 527, sec. 238, comments *a* and *b*. In the case first cited, the court set aside a jury verdict that a truck driver using his employer's truck for a personal errand, with the employer's consent, was acting within the scope of his employment and said (p. 336) :

"He had finished his work for the day and no duty connected with his employment furnished the occasion for the trip that he was on when he came into collision with plaintiff's car. Upon this issue it is, of course, obvious that the mere fact that he was then driving with the consent of the laundry company would not mean that he was acting within the scope of his employment. In connection with this, see *Geldnich v. Burg,* 202 Wis. 209, 231 N. W. 624. The mere fact, also, that permission to use the car for his private purposes might generate a sense of loyalty and co-operation on the part of a servant does not lead to the conclusion that the servant taking advantage of this permission is in a legal sense promoting or facilitating the master's business. *Gewanski v. Ellsworth,* 166 Wis. 250, 164 N. W. 996."

While it has been said, in cases of which *Enea v. Pfister* (1923), 180 Wis. 329, 332, 192 N. W. 1018, is an example, that proof of ownership of a car by someone other than the driver raises a presumption that the driver was the agent or servant of the owner and was driving it within the scope of his employment, it is settled that the presumption disappears when met by opposing evidence. *Philip v. Schlager* (1934), 214 Wis. 370, 376, 253 N. W. 394; *Edwards v. Gross* (1958), 4 Wis. (2d) 90, 95, 90 N. W. (2d) 142,

145. In the present case the presumption was overcome by Connell's affidavit.

The further undisputed fact that after the accident Western paid for repairing the car driven by Connell would not support an inference that Connell was driving the car in the course or scope of his employment when it was damaged. That fact adds little or nothing to the fact that he had permission from the employer to use the car for personal purposes on week ends. Such permissive use normally involves some measure of expense to the employer, in the way of depreciation and costs of repair and maintenance. Payment for repairing collision damage stands in the same light. It does not evidence action by the driver within the scope of his employment nor assumption of responsibility by the employer for the employee's operation of the car. Much less can any significance be given to the investigation of the accident by Western's insurance carrier, since regardless of the merits, it no doubt appeared likely that claim would be made against Western by the Sadlers.

Plaintiffs also submitted an affidavit by plaintiff Ethel Sadler stating *on information and belief* that Connell sometimes worked on Saturday; that he was in the area permitted by his employment; that the company paid for the gasoline he was using; that it was his duty as sales manager to increase sales and promote good will; that he had at least two accounts in Milwaukee county "that he sells himself;" and that the store to which he was going was one of the accounts to which Western sold its products. It is argued that from these alleged facts a jury could infer that Connell was going to exchange paint at that store to promote his employer's good will and increase sales and, hence, that he was within the scope of his employment at the time of the collision.

We have grave doubts that these facts, if properly shown on the motion for summary judgment, would have been

enough to create a jury issue as to whether Connell was acting in the scope of his employment. Payment for the gasoline by the employer adds little or nothing to the permission given Connell to use the car, and the employer's payment of the repair bill. It is so natural for a salesman to make a personal purchase from a store which patronizes his employer that such a purchase can scarcely lead to an inference that the errand is the business of the employer and thus render the employer liable for the employee's torts while en route.

We need not decide the point, however, for the facts last summarized from Mrs. Sadler's affidavit were stated on information and belief only. An affidavit on information and belief is not alone sufficient to create an issue of fact and thereby prevent a summary judgment. *McNally v. Goodenough* (1958), 5 Wis. (2d) 293, 304, 92 N. W. (2d) 890, 897.

Plaintiffs also filed an affidavit by their attorney stating that he intends to cross-examine Connell and the president of Western as to what hardware store Connell was going to at the time of the accident and as to any and all business dealings Western may have had with that store. It is contended that this affidavit established plaintiffs' right to have a trial so that the announced cross-examination might be had. *Leuchtenberg v. Hoeschler* (1955), 271 Wis. 151, 72 N. W. (2d) 758, and *Edwards v. Gross* (1958), 4 Wis. (2d) 90, 90 N. W. (2d) 142, are relied upon.

That contention cannot prevail in the setting of the present case. Plaintiffs' attorney had already cross-examined both Connell and the company's president on adverse examination under sec. 326.12, Stats. So far as the record before us discloses, Connell answered all questions asked him clearly and unequivocally, but was not even asked the name of the store to which he was going. Western's president testified that he

did not know to what store Connell was going at the time of the accident, and he identified two stores which he believed were the only two customers his company had in Wauwatosa. His testimony also appears, from the record before us, to have been unambiguous and consistent, within the limits of his knowledge.

In *Leuchtenberg v. Hoeschler* (1955), 271 Wis. 151, 158, 159, 72 N. W. (2d) 758, the plaintiff had given ambiguous testimony on his adverse examination as to the crucial fact in the case. This court held that summary judgment should have been entered for the plaintiff. It went on to say, by way of dictum, that if the defendant had filed an affidavit that he intended to cross-examine plaintiff with respect to the ambiguous answer on the vital point, then summary judgment would have to be denied. In *Edwards v. Gross* (1958), 4 Wis. (2d) 90, 95, 90 N. W. (2d) 142, there had been no attempt to take an adverse examination of the defendants. Again we said, also as dictum, that had such examination been taken and had an inconsistent or ambiguous statement been made therein, then the plaintiff could have followed the procedure suggested in the *Leuchtenberg Case*.

The proposition thus stated in the *Leuchtenberg* and *Edwards Cases* does not entitle plaintiffs to a trial in the case now before us. Here adverse examinations were had and gave rise to no inconsistent or ambiguous testimony on any material matter which needs to be straightened out by further cross-examination. Mere assertion of a desire to cross-examine a material witness a second time on the same matter cannot defeat summary judgment in the absence of special circumstances, or the summary-judgment statute could easily be set at naught. Moreover, as already pointed out, the stated object of the proposed cross-examination, to establish that Connell was going to exchange his paint at a store to which his employer sold merchandise, would probably not

create a jury issue against Western anyway, especially since it is undisputed that Western did not deal in paint.

*By the Court.*—Order reversed, with directions to grant the motion of Western Moulding Company for summary judgment in its favor.