MAIN, by Guardian, and another, Plaintiffs, v. CAMERON and another, Defendants and Appellants: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent.

*February 7—March 7, 1961.*

16

For the appellants there were briefs by *Dougherty, Campbell, Brennan & Steil* of Janesville, and oral argument by *James E. Brennan.*

For the respondent there was a brief by *Roberts, Boardman, Suhr, Bjork & Curry* of Madison, and oral argument by *Walter M. Bjork.*

FAIRCHILD, J. Repeated use of an automobile by one who is not the owner with the owner's knowledge of such use permits an inference that the owner had given consent, express or implied, to the other's use of the automobile.[1]

It is conceded here that there was no express consent, and no sufferance by Vorel of repeated use of the particular automobile (nor any other Vorel automobile) by Cameron.

Appellant cites four decisions to support the proposition that permission may be implied from circumstances which do

[1] *Christiansen v. Aetna Casualty & Surety Co.* (1931), 204 Wis. 323, 236 N. W. 109; *Adams v. Quality Service Laundry & Dry Cleaners* (1948), 253 Wis. 334, 34 N. W. (2d) 148.

not include prior repeated use of the automobile by the alleged permittee.[2]

In the first three of the cases cited, the permittee was the child of the owner, and they lived in the same household. In *Talbot v. Allstate Ins. Co., supra,* the owner was the brother-in-law and a house guest of the permittee. In three of the cases, the keys were left where they were accessible to the permittee, and in one case were left in the possession of the permittee, although allegedly not for the purpose of driving the car. Of course there were other circumstances in each case which, when considered together with the relationship and accessibility of the keys, were held to support a finding of implied permission. In the case before us, the record does not, in our opinion, support such finding.

Cameron and Vorel were friends and former college mates. Vorel, though generous toward his friends, had not manifested his generosity by freely permitting them to use his automobiles. When Vorel arrived at the fraternity house on February 9th, he left the car locked. He later gave his keys to Tischler so that Tischler could drive the car for a particular purpose. Under the circumstances, it is doubtful whether Vorel realized that Tischler left the keys in the automobile after that purpose was accomplished. In any event, it is quite clear that the purpose for which the keys were left in the car was very limited. The purpose for which Cameron took the car was completely unrelated. The circuit court correctly determined that the evidence would not support a finding that Cameron was using the car with Vorel's permission.

---

[2] *Pierce v. Standow* (1958), 163 Cal. App. (2d) 286, 329 Pac. (2d) 44; *Elkinton v. California State Automobile Asso., Interstate Ins. Bureau* (1959), 173 Cal. App. (2d) 338, 343 Pac. (2d) 396; *Home Indemnity Co. v. Norton* (7th Cir. 1958), 260 Fed. (2d) 510; *Talbot v. Allstate Ins. Co.* (La. App. 1954), 76 So. (2d) 76.

Appellant relies upon Vorel's statement to the deputy sheriff after the accident that Cameron had implied permission. Evidence of this statement was received over respondent's objection. At best, the statement was evidence of Vorel's state of mind toward Cameron's use of the car at the time that Vorel learned of the accident. In *Talbot v. Allstate Ins. Co., supra,* the court considered a similar statement made after the accident along with other circumstances and conduct before the car was used as supporting a finding of implied permission. In *Home Indemnity Co. v. Norton, supra,* the court considered as one circumstance the owner's lack of objection to his son's use of the car when he first saw his son after the accident. In the case before us, there were no circumstances or conduct occurring before Cameron took the car from which permission could be implied. The proposition stated by Vorel that Cameron, or the boys at the fraternity, had implied permission was only a conclusion.

*By the Court.*—Judgment affirmed.