### FIREMAN'S FUND INSURANCE COMPANY

v.

### Linda BRANDT, Paul W. Brandt, Alexander Summers, Jr., Melville Straus.

### Civ. A. No. 2144.

United States District Court
D. New Hampshire.
July 25, 1962.

Wiggin, Nourie, Sundeen, Nassikas & Pingree, Paul E. Nourie, Manchester, N. H., for plaintiff.

Devine, Millimet, McDonough, Stahl & Branch, Shane Devine, Manchester, N. H., for defendants.

CONNOR, District Judge.

This is a petition for a declaratory judgment to determine the rights of the parties under an insurance policy issued by the petitioner to Melville Straus in Tuscon, Arizona. The particular issue presented is whether Alexander Summers, Jr., is entitled to coverage under the policy such that the petitioner will be obliged to assume the defense of actions brought against Summers by Linda Brandt and Paul W. Brandt and to satis-

fy any judgment obtained against Summers in such actions.

The salient facts may be briefly summarized.

On the evening of May 6, 1960, Summers and Straus were present at a party at Snowcrest Inn outside of Hanover, New Hampshire, where both were attending Dartmouth College. Summers gave permission to one Haynesworth to borrow his automobile to drive to Hanover, and when he failed to return as expected, Summers and Miss Brandt went out into the parking lot where they discovered Straus' automobile with the keys in it. They took the car to drive to Hanover in search of Haynesworth and enroute met with an accident. Straus testified by deposition that if Summers had asked permission to use his car he would probably have granted it. There was evidence of a general custom at Dartmouth whereby students loaned their cars to one another, but Summers had neither driven Straus' car before nor asked permission to do so.

While Summers and Straus were classmates and acquainted with one another, they were not fraternity brothers, had no classes together, and did not participate in any common college activities.

The policy contained a provision extending coverage to persons using the automobile provided "the actual use thereof is with the permission of the named insured."

Concededly, there was no express permission given so the question becomes whether permission may be implied from the circumstances and the relationship of the parties.

■ The policy having been issued in Arizona, the law of that state is controlling in defining the petitioner's liability. Hinchey v. National Surety Company, 1955, 99 N.H. 373, 111 A.2d 827. It would appear that there are no Arizona decisions dealing with implied permission. United States Fidelity and Guaranty Company v. Smith et al., 9th Cir., 1960, 279 F.2d 678. In that case the court, dealing with a contract provision substantially the same as the present one, examined the conduct of the parties to determine whether permission might be implied therefrom. Such is the general law. See 7 Appleman Insurance Law & Practice, s. 4365, p. 300; [1] Aetna Life Insurance Co. v. Chandler, 1937, 89 N.H. 95 at 99, 193 A. 233 at 236–237.

■ An examination of the facts and circumstances of this case impels me to conclude that no permission can be implied whereby Mr. Summers would be brought within the coverage of the policy. There is simply nothing in the prior conduct of the parties which could give rise to an implication of consent on the part of Straus to the possession or use of the car by Summers. Notwithstanding, the petitionee Summers takes the position that such prior use need not be shown under the circumstances and laying great stress upon the presence of the keys in the vehicle cites the case of Talbot v. Allstate Insurance Company, La. App.1954, 76 So.2d 76. I think it distinguishable. The relationship of the parties there involved (the owner of the insured vehicle being a brother-in-law and house guest of the permittee) presented a different situation from that which confronts us here. This conclusion is supported by the case of Main v. Cameron, 1961, 13 Wis.2d 15, 108 N.W.2d 142, where, on facts strikingly similar to the case at bar, no permission was found.

The foregoing determination renders unnecessary a consideration of the questions of whether the policy issued in Arizona is subject to the New Hampshire Financial Responsibility Act, RSA 268, and whether, assuming it is, the so-called "Young Driver Endorsement" attached thereto is in effect nullified by the

1. It definitely has been held that it is not essential that express permission be given for use of the automobile by the operator in order to give him protection as an additional insured; permission may be implied for such use under the facts and circumstances of the case.

statutory provisions. See NH RSA 268:-16, paragraph III.

The following conclusions are reached:

That the coverage of the policy issued by the petitioner to Melville Straus does not apply to Alexander Summers; that the petitioner is not obligated to assume the defense of actions brought by Linda Brandt and Paul W. Brandt against the said Summers; and that the petitioner is not required to satisfy any judgments that may be obtained in such actions against Summers.