Thompson and others, Appellants, v. Dairyland Mutual Insurance Company, Respondent.

*February 2—March 1, 1966.*

For the appellants there was a brief by *Terence N. Hickey* of Hayward, and *Arthur Wickham* and *Kivett & Kasdorf*, all of Milwaukee, attorneys, and *John M. Swietlik* and *Richard H. Schulz* of counsel, both of Milwaukee, and oral argument by *Mr. Swietlik.*

For the respondent there was a brief by *Cameron, Cameron, Shervey & Weisel* and *Robert O. Weisel*, all of Rice Lake, and oral argument by *Robert O. Weisel.*

WILKIE, J. Two issues are presented on this appeal:

First, was there an issue of fact on whether notice of the vehicle change was received by the insurance company?

Second, in order for an insurer to avoid liability on the ground that there was a lack of notice of a vehicle change, must it show prejudice by failure to give notice?

### Notice of Vehicle Change.

The motion for summary judgment was granted on the ground that there was no showing that Levy notified

respondent of the change of automobiles within thirty days. A defendant is not entitled to summary judgment unless the facts presented conclusively show that the plaintiff's action has no merit and cannot be maintained.[1] Summary judgment should not be granted where there are substantial fact issues to be determined, when the evidence on a material issue is in conflict, or when there are permissible inferences from undisputed facts that would permit a different result.[2]

Appellants contend that it could be concluded that respondent received notice in three respects. *First,* because there was evidence that Wickre knew of the second automobile. M. E. Ritchie, Levy's employer, testified at his deposition that he had talked with Levy on June 1, 1963, and had asked him "to have his insurance transferred from his 1954 Mercury to his 1958 Ford." Levy supposedly replied that "he'd already notified Mr. Wickre to that effect." Respondent does not deny that this testimony, if elicited at the trial, would operate to create a factual issue in regard to notice, but maintains that no such issue arises because the testimony is inadmissible. Respondent's point is well taken. While Ritchie would be competent to testify under sec. 325.16, Stats.,[3] the dead man's statute, because he has no interest in the lawsuit, the testimony itself is tainted because it is hearsay involving a self-serving statement.[4]

---

[1] *Hein v. State Farm Mut. Automobile Ins. Co.* (1966), 29 Wis. (2d) 702, 139 N. W. (2d) 611; *Fjeseth v. New York Life Ins. Co.* (1961), 14 Wis. (2d) 230, 111 N. W. (2d) 85.

[2] Ibid.

[3] "325.16 TRANSACTIONS WITH DECEASED OR INSANE PERSONS. No party or person in his own behalf or interest, . . . shall be examined as a witness in respect to any transaction or communication by him personally with a deceased . . . person in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased . . . person . . . ."

[4] *Adams v. Quality Service Laundry & Dry Cleaners* (1948), 253 Wis. 334, 34 N. W. (2d) 148; *Hall v. Walton* (1948), 253 Wis.

*Second,* because a general endorsement dated September 9, 1963, which respondent sent to the Wickre agency and which provided that the original policy was "amended to provide that there is no coverage afforded for a 1958 Ford . . . from May 26, 1963 to August 3, 1963" raises an inference of actual notice. This is supposedly because if the Ford was not already covered, it would not be necessary to amend the policy to exclude coverage. However, this contention is not persuasive. It places unwarranted importance on a particular word. The most that the endorsement demonstrates is that on September 9th the respondent knew that Levy had been driving a different vehicle than was covered under the policy. The endorsement merely served to deny coverage and no inference of notice arises from this.

*Third,* because counteraffidavits of Levy's parents raise the inference that Wickre had constructive notice of the vehicle change. Mr. Levy's affidavit discloses the following: His son was employed at the Central Motor Sales, Inc., which was located in the same block as the Wickre Insurance Agency; an alley runs behind both businesses and it is possible to see cars using either the alley or the road from the agency office; Wickre had told him on August 2, 1963, that there was a "good possibility" that James Levy had notified the office girls at the agency of the change during the latter's absence. Mrs. Levy's affidavit reveals that she had been employed at the Wickre agency from 1955 until 1960 and that oftentimes the office girls failed to make notations of important policy changes; cars passing on the alley or main street could be seen from the agency and Wickre had often observed people driving by with new automobiles. According to Mrs. Levy, Wickre had coffee almost every day with M. E. Ritchie, the owner of the Central Motor Sales.

138, 33 N. W. (2d) 316; *Kowalsky v. Whipkey* (1942), 240 Wis. 59, 2 N. W. (2d) 704.

Constructive notice is neither notice nor knowledge but is a policy determination that under certain circumstances a person should be treated as if he had actual notice.[5] The facts as set forth by the Levys are not such as to warrant the invoking of the constructive-notice doctrine. Had Wickre actually seen James Levy driving a vehicle other than the Mercury it might be said that he was charged with constructive notice. But to say that this is the case on the basis of the Levys' affidavits would be dabbling in pure speculation and amount to unjustified inference pyramiding.

### Absence of Insurance Protection Where There is No Notice of Vehicle Change.

This court has said that where the "automatic insurance" clause requires that notice of the acquisition of a different automobile be given to the insurer within a specified time after delivery, the failure to give such notice operates to preclude coverage for the new vehicle when the accident occurs after the expiration of the designated period.[6] This is the general rule.[7] Relying on *Stippich v. Morrison,*[8] *Kurz v. Collins,*[9] *Schneck v. Mutual Service Casualty Ins. Co.,*[10] and *Boschek v. Great Lakes Mut. Ins. Co.,*[11] appellants contend that respondent must show some prejudice before it can be relieved from liability on the policy.

[5] *Bump v. Dahl* (1965), 26 Wis. (2d) 607, 133 N. W. (2d) 295, 134 N. W. (2d) 665; *Uhrman v. Cutler-Hammer, Inc.* (1957), 2 Wis. (2d) 71, 85 N. W. (2d) 772; *Zdunek v. Thomas* (1934), 215 Wis. 11, 254 N. W. 382.

[6] *Offerdahl v. Glasser* (1958), 5 Wis. (2d) 498, 93 N. W. (2d) 362.

[7] 7 Am. Jur. (2d), Automobile Insurance, p. 408, sec. 100.

[8] (1961), 12 Wis. (2d) 331, 107 N. W. (2d) 125.

[9] (1959), 6 Wis. (2d) 538, 95 N. W. (2d) 365.

[10] (1963), 18 Wis. (2d) 566, 119 N. W. (2d) 342.

[11] (1963), 19 Wis. (2d) 514, 120 N. W. (2d) 703.

But this is not a case of a claimed breach of a policy provision perpetrated by the insured. Rather, it is the failure of the insured to perform a requirement of a provision of the policy, *i.e.*, to give notice of a change of vehicle, in order to gain coverage of a different vehicle under the policy. It is not a question of discontinuing coverage because of some act by the insured that breaches his contract; rather, it is the insured's failure to do some act that is required to bring about coverage. By his failure to give proper notice, Levy was not insured by the subject policy at the date of the accident. Thus, the breach cases are not in point at all.

*By the Court.*—Judgment affirmed.