Horace K. **GUTHRIE**, Administrator of the Estate of Jennie K. Guthrie, Deceased, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

No. 62–C–19.

United States District Court
E. D. Wisconsin.

Nov. 10, 1966.

See also, 238 F.Supp. 855.

Mark M. Camp, of Camp & Camp, Wauwatosa, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION AND ORDER

GRUBB, Senior District Judge.

This action is brought under the Federal Tort Claims Act which gives this court jurisdiction.

The action arises out of an automobile accident occurring on May 29, 1961 at about 4:43 P.M. at the intersection of Highway 59 and Sunset Drive, Waukesha County, in the Eastern District of Wisconsin. A United States Army Chevrolet car driven by Sergeant George M. Liebl, who was alone in the car, ran into and collided with a car owned by Horace K. Guthrie and operated by Jennie Guthrie, deceased. Both Mrs. Guthrie and Sergeant Liebl were killed as a result of the collision. The government has stipulated that the collision was proximately caused by the negligence of Sergeant Liebl. Sergeant Liebl was on recruiting duty and was temporarily assigned to Cudahy, Wisconsin, the normal duty hours being from 9:00 A.M. to 5:00 P.M.—but on occasion, he would make evening appointments or do recruiting at other hours. His territory did not include Waukesha County, where the accident occurred or where he resided in the Village of Eagle.

The issues are: Was Sergeant Liebl acting within the scope of his authority in operating the Army vehicle? If so, what were plaintiff's damages?

The plaintiff, in addition to being the owner of the automobile, was the husband of Jennie Guthrie and is the administrator of her estate, being duly appointed by the Probate Court of Waukesha County and qualified.

It is without dispute that Sergeant Liebl never had been authorized to recruit in Waukesha County. He was not authorized to store the Army vehicle at his home in the Village of Eagle, nor was he authorized to drive the vehicle between his home in Eagle and his temporary duty station in Cudahy. This was prohibited by written orders of Major Brown in April 1961, which orders were received in evidence. Liebl had an automobile of his own. There is no evidence that Liebl had any appointment with any prospective recruit. At noon on the 29th of May, 1961, Liebl attended an Army-sponsored luncheon at a Milwaukee restaurant. There the Army provided beer. Whiskey and other hard liquor were provided individually by some of the men. The meeting lasted until about 3:00 P.M. Approximately an hour later, Liebl purchased some fishing equipment from a store in Waukesha, and the store employees who observed Liebl described him as behaving as though he had been drinking.

There was evidence that Liebl had used the Army vehicle on occasion to go to and from work notwithstanding his orders to the contrary. He was required to fill out and hand in forms showing the mileage of the vehicle and other facts with reference to its use. However, these forms were destroyed after thirty days, and there was only one available at the trial. Liebl's superior officers were available and could have been called as witnesses. It would be sheer speculation to find that these forms showed the sergeant was using the vehicle to go to and from work. If these destroyed

forms showed that he was using the Army vehicle to go to and from work and storing it at night at his home in Eagle, the fact (assuming that it is speculated that the forms did show that he was so using the vehicle) that a superior officer did not so notice through inadvertence, negligence, or lack of concentration on that matter, would not put Liebl in the scope of his employment. It is undisputed from the evidence that he was driving this Army vehicle contrary to Army orders and without permission. There isn't a scintilla of evidence that he was using it for Army purposes or in the scope of his employment for the Army.

■ In Wisconsin there is a prima facie presumption that a driver of an automobile is acting in the scope of his employment for the owner of the automobile which, however, is rebuttable and cannot stand against undisputed evidence to the contrary.

"While it has been said, in cases of which Enea v. Pfister (1923), 180 Wis. 329, 332, 192 N.W. 1018, is an example, that proof of ownership of a car by someone other than the driver raises a presumption that the driver was the agent or servant of the owner and was driving it within the scope of his employment, it is settled that the presumption disappears when met by opposing evidence. Philip v. Schlager (1934), 214 Wis. 370, 376, 253 N.W. 394; Edwards v. Gross (1958), 4 Wis. 2d 90, 95, 90 N.W.2d 142, 145. In the present case the presumption was overcome by Cornell's affidavit." Sadler v. Western Moulding Co., 6 Wis.2d 278, page 281, 94 N.W.2d 602, page 604.

In that particular case, the driver, an employee of the owner, was going to a hardware store to exchange some paint on a Saturday afternoon. The employer's place of business was customarily closed on Saturday. However, the driver was customarily allowed to keep the car and use it in the evenings or over the weekends, although he was expected to pay for the gasoline and oil used by him in the personal use of the car. The employer paid the bill for repairing the car after the collision. The employer did not deal in paint but did sell its products to hardware stores in Wauwatosa, where the driver had gone to a hardware store to exchange the paint. There the court held that as a matter of law the prima facie presumption that the driver was in the scope of his employment had been overcome and defendant was entitled to judgment. This is in accord with an earlier case, Adams v. Quality Service Laundry & Dry Cleaners, 253 Wis. 334, 34 N.W.2d 148 (1948), where it was held that the prima facie presumption was overcome on a showing that the driver was using the employer's truck to secure parts for repair to the driver's automobile.

The question was recently considered by the Court of Appeals of the Sixth Circuit in Mider v. United States, 322 F.2d 193 (1963), where it was held that the fact, if it be true, that some superior had permitted Army personnel to use an Army car for his own personal purposes did not bring him within the line of duty or scope of employment as set forth in the federal statutes and regulations referred to in said decision.

■ The court hereby finds that Sergeant George M. Liebl was not acting in the scope of his employment at the time of the fatal accident, and that the government is not liable to plaintiff under the Federal Tort Claims Act.

Following the admonitions of the Court of Appeals that trial judges should make complete findings of fact, I am making these findings with reference to damages even though I am making the finding of no liability. It was stipulated that plaintiff's property damage to his automobile was $50, and that he suffered damages by way of funeral expenses in the sum of $1,260.14 which were reasonable and necessary. If plaintiff were entitled to recover, he should also be entitled to loss of society and comfort in the sum of $3,000 (§ 331.04 Wis.Stats.) and for pecuniary loss in the sum of

$15,000, in all, the sum of $19,310.14. If plaintiff were entitled to recover, the court would allow plaintiff's attorneys' fees in the sum of 10%.

The foregoing covers the court's findings of fact and conclusions of law, in conformity with Rule 52 of the Federal Rules of Civil Procedure. The Clerk is directed to enter judgment dismissing the plaintiff's action in conformity with the foregoing decision and findings.